Complaint
NORMAN K.K. LAU
Attorney At Law
A Law Corporation

NORMAN K.K. LAU  1795
820 Mililani Street, Suite 701
Honolulu, Hawaii  96813
Telephone No.:    (808) 523-6767
FAX No.:          (808) 523-6769
Email: norm@normlau.com

Attorney for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 3 1 2007

at ____ o'clock and ____ min. ____ M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| RONALD G. GAVIN, | CIVIL NO. **CV07  00414  DAE KSC** |
| Plaintiff, | COMPLAINT; EXHIBITS 1-4; JURY DEMAND; SUMMONS |
| vs. | |
| ARS NATIONAL SERVICES, INC. dba ASSOCIATED RECOVERY SYSTEMS; MS. DILLARD; JOHN WISE, | |
| Defendants. | |

COMPLAINT

COMES NOW, Plaintiff, by and through his undersigned attorney, and alleges as follows:

I.   **INTRODUCTION**

1.    This Complaint is filed and these proceedings are instituted under the "Fair Debt Collection Practices Act" 15 U.S.C. § 1692, et. seq., (hereinafter the Act), H.R.S. §480-2, and H.R.S. Chapter 443B to recover statutory damages, reasonable attorney's fees and costs of suit due to Defendants' violations

all of which occurred within one year from the filing date of this Complaint.

## II.   JURISDICTION

2.    The jurisdiction of this Court is invoked pursuant to 15 U.S.C. §1692k(d).  This Court also has supplemental jurisdiction over the state law claims because they arise from a common nucleus of operative facts.

## III.  FACTUAL ALLEGATIONS

3.    Plaintiff Ronald G. Gavin is a natural adult person, is a consumer as defined in 15 U.S.C. §1692a(3) and H.R.S. §480-1, a debtor as defined in H.R.S. §443B-1, and is a resident of the State of Hawaii at all relevant times herein.

4.    On information and belief, Defendant ARS National Services, Inc. dba Associated Recovery Systems (hereafter referred to as Defendant ARS) is a California corporation. Defendant ARS attempted to collect a debt, as defined in 15 U.S.C. §1692a(5) and H.R.S. §443B-1, in Hawaii from Plaintiff. Defendant ARS is a debt collector as defined in 15 U.S.C. §1692a(6) and a collection agency as defined in H.R.S. §443B-1. Defendant ARS is liable for the acts of Defendants Dillard and John Wise as they are Defendant ARS' agents and/or employees and because they are also debt collectors.

5.    On information and belief, Defendant Ms. Dillard (hereafter referred to as Defendant Dillard) is an employee of

-2-

Defendant ARS at all relevant times herein. Defendant Dillard attempted to collect a debt, as defined in 15 U.S.C. §1692a(5), from Plaintiff, a consumer as defined in H.R.S. §480-1, in Hawaii on behalf of a third-party. Defendant Dillard is a debt collector as defined in 15 U.S.C. §1692a(6)and a collection agency as defined in H.R.S. §443B-1. All of Defendant Dillard's collection activities against Plaintiff are also the acts of Defendant ARS because they are all debt collectors.

6.    On information and belief, Defendant John Wise (hereafter referred to as Defendant Wise)is an employee of Defendant ARS at all relevant times herein. Defendant Wise attempted to collect a debt, as defined in 15 U.S.C. §1692a(5), from Plaintiff, a consumer as defined in H.R.S. §480-1, in Hawaii on behalf of a third-party. Defendant Wise is a debt collector as defined in 15 U.S.C. §1692a(6) and a collection agency as defined in H.R.S. §443B-1. All of Defendant Wise's collection activities against Plaintiff are also the acts of Defendant ARS because they are all debt collectors.

7.    On or about August 7, 2006, Defendant ARS sent a letter to Plaintiff at his residential address regarding an alleged debt owed to a third-party, Chase Bank, with account number 4417121154279171. (Exhibit 1).

8.    On or about August 28, 2006, Defendant Wise called Plaintiff at his place of work and requested payment of $2,200 on

the alleged debt by the end of the month or Plaintiff would be served with court papers.

9.     On or about August 28, 2006, Defendant Wise called Plaintiff's employer, Paul Weinstein, to ask if Plaintiff could be served papers for court at his place of work.  Mr. Weinstein told Defendant Wise he could not serve papers on Plaintiff at his place of work.  Plaintiff did not give his prior consent to Defendant Wise authorizing Defendant Wise's call to Mr. Weinstein and Defendant Wise's call was not for the purposes of acquiring location information as Defendants already knew Plaintiff's location information.

10.     Defendants had no intention of filing a lawsuit to collect on this debt and do not usually file lawsuits in Hawaii. Defendants made a false threat and improperly disclosed private information without Plaintiff's consent.

11.     On or about August 28, 2006, Defendant Wise called Mr. Weinstein again and asked for his fax number which Mr. Weinsten gave to him.  Defendant Wise then faxed a Verification of Employment form, (Exhibits 2-3), to Mr. Weinstein.  Defendants already knew Plaintiff's residential address before contacting Mr. Weinstein and had no reason for contacting Plaintiff's employer a second time.  Thus, the Employment Verification form sought prohibited information as Defendants already had that information.

- 4 -

12.    On or about August 30, 2006, Defendant Dillard left a message for Plaintiff on his answering machine stating Plaintiff's case was being sent to her office due to non-resolution with Defendant Wise and that she had left a message for Mr. Weinstein.  Defendant Dillard's message also contained a conversation with Defendant Wise in which Plaintiff was the subject and a reference to "killer" was made in an attempt to intimidate Plaintiff.

13.    On or about August 31, 2006, Defendant Wise called Plaintiff at work again and offered a $1,500 settlement for the alleged debt that was good only for that day which was a false statement.  Plaintiff many times asked Defendant Wise to stop calling him at work.  Defendant Wise became hostile and stated Mr. Weinstein was the only person who could stop his calls although Defendant Wise knew or should have known that his calls to Plaintiff were inconvenient.  Defendant Wise also stated he would continue to call Plaintiff at work until Mr. Weinstein told him to stop.

14.    On or about August 31, 2006, Plaintiff called Mr. Weinstein to explain the latest conversation as Plaintiff thought he had no choice but to inform Mr. Weinstein of his situation. Mr. Weinstein then called Defendant Wise and requested that he stop contacting Plaintiff at work.

15.    On or about August 31, 2006, Plaintiff wrote a

- 5 -

letter to Defendant ARS disputing the debt and requested verification of the debt. (Exhibit 4).  Defendant failed to comply with Plaintiff's request for verification.

16.    The alleged debt Defendants were attempting to collect was primarily incurred for personal, family, or household purposes.

## IV.  CLAIMS FOR RELIEF

COUNT 1

17.    Plaintiff realleges and incorporates paragraphs 1-16 herein.

18.    By their actions, Defendants violated 15 U.S.C. §1692b (1), (2), and (3).

COUNT 2

19.    Plaintiff realleges and incorporates paragraphs 1-16 herein.

20.    By their actions, Defendants violated 15 U.S.C. §1692c, in general, and subsections (a) (1) and (3) and (b), in particular.

COUNT 3

21.    Plaintiff realleges and incorporates paragraphs 1-16 herein.

22.    By their actions, Defendants violated 15 U.S.C. §1692e, in general, and subsections (2) (A), (5), and (10), in particular.

COUNT 4

    23.     Plaintiff realleges and incorporates paragraphs 1-16 herein.

    24.     By their actions, Defendants violated 15 U.S.C. §1692f in general, and subsection (1), in particular.

COUNT 5

    25.     Plaintiff realleges and incorporates paragraphs 1-16 herein.

    26.     By their actions, Defendants violated 15 U.S.C. §1692g (b).

COUNT 6

    27.     Plaintiff realleges and incorporates paragraphs 1-16 herein.

    28.     By their actions, Defendants violated H.R.S. §443B-15, in general, and subsection (1), in particular.

COUNT 7

    29.     Plaintiff realleges and incorporates paragraphs 1-16 herein.

    30.     By their actions Defendants violated H.R.S. §443B-18, in general, and subsection (5), in particular.

COUNT 8

    31.     Plaintiff realleges and incorporates paragraphs 1-16 herein.

    32.     By its actions, Defendants violated H.R.S § 443B-19,

-7-

in general, and subsection (4), in particular.

COUNT 9

33.   Plaintiff realleges and incorporates paragraphs 1-16
herein.

34.   By their actions, Defendants violated H.R.S. §480-2.

**V.   PRAYER**

WHEREFORE, Plaintiff prays that this Court:

1.   Award statutory damages in the amount of $1,000
for each violation of the Act against all of the Defendants,
jointly and severally.

2.   Award a minimum of $1,000 or threefold damages,
whichever is greater, pursuant to H.R.S. § 480-13(b)(1) and
H.R.S. §443B-20 for violations of H.R.S. Chapter 443B plus costs
and reasonable attorney's fees against Defendants, jointly and
severally.

3.   Award a minimum of $1,000 or threefold damages,
whichever is greater, pursuant to H.R.S. § 480-13(b)(1) for
violation of H.R.S. §480-2 plus costs and reasonable attorney's
fees against Defendants, jointly and severally.

4.   Fine Defendants Dillard and Wise $500 each pursuant
to H.R.S. §443B-14(a) and fine Defendant ARS $1000 pursuant to
H.R.S. §443B-14(b).

5.   Award pre and post judgment interest; and

6.   Award such other relief this Court deems just and

- 8 -

equitable including, but not limited to, attorney's fees and costs.

      DATED:  Honolulu, Hawaii. July 26, 2007.

                    NORMAN K.K. LAU
                    Attorney for Plaintiff